46426.   MARIETTA INTERNATIONAL SALES, INC.
v. FEDERATED MUTUAL IMPLEMENT & HARDWARE
INSURANCE COMPANY.

Argued September 13, 1971—Decided October 8, 1971.

*Walter W. Calhoun,* for appellant.
*Lokey & Bowden, Charles M. Lokey,* for appellee.

Jordan, Presiding Judge. 1. Pertinent provisions of the undisputed insurance contract are as follows: A "consigned vehicle" means a land motor vehicle held by the named insured for sale, not owned and not encumbered by a security interest of a creditor of the named insured. A "covered automobile" means a land motor vehicle of a type designated in the schedule as a covered automobile to which the insurance applies which is (a) held by the named insured for sale or (b) used in the named insured's business as a sales agency or dealer, including repair service thereof, or as a demonstrator, or (c) if so designated, a consigned automobile, (d) held by the named insured pending delivery after sale. The insurance for "Covered Automobiles" in respect to theft is set forth in two columns. One of these is designated "New" and contains an entry to show coverage in this category for the "Named insured's interest in owned covered automobiles unencumbered by any security interest of a creditor of the named insured." The other is designated "Used (including demonstrators and service vehicles)" and contains entries to show coverage the same as the "New" plus "Named insured's interest and its secured creditor's interest, subject to loss payable clause, in covered automobiles encumbered by

any security interest of such creditor" and "All interests in consigned automobiles."

Counsel for the defendant eliminates the necessity of determining whether the vehicle was a consigned vehicle, for he states in his brief before this court that the undisputed evidence shows that the vehicle "had been delivered to the plaintiff by International Harvester Company on a loan agreement which, when construed in favor of the plaintiff, can be said to have been a consignment" and we agree with this appraisal of the evidence. But a consigned vehicle would be covered for theft only if it is "Used (including demonstrators and service vehicles)" as coverage in the "New" category is limited to "owned covered automobiles unencumbered" and it is undisputed the plaintiff did not own the vehicle. "New" and "Used (including demonstrators and service vehicles)" are not defined in the contract.

The parenthetical qualification of "Used" in the contract was obviously intended to broaden the category to include vehicles which might not be understood to be included, for otherwise it would be unnecessary to refer at all to demonstrators and service vehicles. In our opinion, the contract should be construed to mean that a demonstrator was a covered vehicle to the same extent as any used vehicle, and if a vehicle is a consigned vehicle, we see no reason why the fact of consignment would exclude use for demonstration purposes. It is undisputed that the vehicle was not equipped with a "fifth wheel" and that without a fifth wheel it could not be attached to a trailer and demonstrated fully in respect to the use for which it was manufactured, but there is also evidence to the effect that it was acquired from the manufacturer on a loan basis as a display sample, being of a type which by reason of cost and other factors the dealer would not ordinarily include in his inventory, and that the dealer could display it, allow potential buyers to examine it, and drive it, in order to sell it or a similar vehicle, and that if a customer were actually interested in buying the vehicle on display, the dealer could sell it. There is also evidence to indicate that even though the vehicle might be technically classified as new, in the sense that the manufacturer would charge the dealer for a new vehicle if the dealer sold it, the tires were visibly worn to some extent, and that the vehicle had

been driven to a considerable extent, and that it had been used extensively for demonstration to the extent it could be used for this purpose without a fifth wheel.

We conclude from a consideration of the terms of the contract, and the evidence regarding the status and use of the vehicle, that whether the vehicle was a demonstrator covered under the contract was a matter for resolution by a jury under appropriate instructions as to the meaning of the contract, and that the trial judge erred in directing a verdict for the defendant.

2. The foregoing being dispositive of the ruling on the motion for new trial, we make no ruling on the remaining contentions which involve matters unlikely to occur in the same manner in the event of another trial.

*Judgment reversed. Quillian and Evans, JJ., concur.*